## COLLINS *v.* MANNING *et al.*

*(Supreme Court, General Term, First Department.* July 18, 1890.)

MALICIOUS PROSECUTION—PROBABLE CAUSE—PROVINCE OF JURY.
    In an action for malicious prosecution and arrest, where different inferences might fairly be drawn from the facts in proof as to the existence or want of probable cause for the arrest and prosecution, that question should be left to the jury.

Appeal from circuit court, New York county.

Action by Michael Collins against Thomas Manning and Orvain Hughes for malicious prosecution and arrest. Judgment for plaintiff, and defendants appeal.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*William C. Beecher,* for appellants. *William M. Mullen,* for respondent.

BARTLETT, J.   This is the second appeal in this case.   The facts are sufficiently stated in the opinion of the general term delivered in deciding the previous appeal, (1 N. Y. St. Rep. 193.)   On the first trial the complaint was dismissed, and the plaintiff appealed, and procured a reversal of the judgment.   On the second trial, which now comes up for review, the plaintiff recovered a judgment of $1,000 damages, and the defendants have appealed. I think their appeal must prevail, because the trial judge took the question of probable cause away from the jury, and decided it himself as a question of law.   In a suit for malicious prosecution, where the facts are undisputed, and admit of only one inference as to the existence of probable cause for the action of the prosecutor, the question is a question of law, to be determined by the court; but it becomes a question of fact, to be passed upon by the jury, when the facts are in dispute, or when, even though there may be no dispute as to the facts, they will reasonably sustain different inferences, leading some minds to the conclusion that there was, and others to the conclusion that there was not, probable cause for instituting the prosecution which is the subject of complaint.   *Heyne* v. *Blair*, 62 N. Y. 19.   In the case cited it is declared to be "pre-eminently a question for the judgment of 12 men to determine what, upon a doubtful state of facts, or upon facts from which different men would draw different conclusions,—that is, upon facts capable of different inferences,—would be the belief and action of men of ordinary caution and prudence."   In the case at bar, an examination of the evidence leaves no doubt that different inferences as to the existence or want of probable cause might fairly be drawn from the facts in proof, and hence that question as well as the question of malice should have been left to the jury.   And such was the view taken by this court upon the first appeal.   Complaint is made of three separate arrests.   It is unnecessary to consider the first arrest, as the court held that there could be no recovery so far as that was concerned.   As to the second arrest, it is true that Mr. Justice DANIELS said on the former appeal that the arrest and detention of the plaintiff were without any legal foundation; but he added that there was sufficient evidence in regard thereto to require the case to be submitted to the jury, thereby indicating that he did not mean to hold that the question of probable cause was to be decided as matter of law.   And in reference to the third arrest he said: "Upon this part of the case the evidence was such as to require that it should be submitted to the jury, for, if they should find that this arrest and prosecution of the plaintiff was without reasonable or probable cause and maliciously made, he would be entitled to recover the damages thereby sustained by him."   1 N. Y. St. Rep. 196.   Here was the clearest declaration that the question of probable cause in this very case was a question for the jury.   Because it was not left to the jury the judgment must be reversed and a new trial ordered, with costs to the appellants to abide the event.